IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SHERESA EXUM                                                                          PLAINTIFF

v.                                      3:25-cv-00118-JM-JJV

FRANK BISGNANO,
Commissioner,
Social Security Administration,                                                       DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Sheresa Exum, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because Ms. Exum could perform her past relevant work despite her impairments. (Tr. 16-24.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend that Plaintiff's Complaint be DISMISSED.

Plaintiff was sixty-two years old at the time of the administrative hearing. (Tr. 37.) Ms. Exum is a college graduate, (Tr. 220), and has past relevant work as a controller.  (Tr. 23.)  She has a strong work history.  (Tr. 57.)

The ALJ[1] first found Ms. Exum had not engaged in substantial gainful activity since her alleged onset date of December 1, 2019, through her date of last insured of December 31,2019.  (Tr. 18.)   She has "severe" impairments in the form of "chronic ischemic heart disease, diabetes

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

mellitus type II, congestive heart failure, atrial fibrillation, aortic aneurysm, bradycardia, thyroid problems, high cholesterol, and obesity." (*Id*.) The ALJ further found Ms. Exum did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 20-21.)

The ALJ determined Ms. Exum had the residual functional capacity (RFC) to perform a slightly reduced range of light work. (Tr. 21.) The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 59-61.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform her past work as a controller - despite her limitations. (Tr. 23-24.) Accordingly, the ALJ determined Ms. Exum was not disabled. (Tr. 24.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 4-8.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 1.)

In support of her Complaint, Plaintiff argues that the ALJ's RFC assessment failed to consider her mental limitations, dizziness, and light sensitivity. (Doc. No. 5 at 13-21.) With regard to her mental limitations, Plaintiff argues:

> As a result of a combination of the Plaintiff's severe impairments of "chronic ischemic heart disease, diabetes mellitus type II, congestive heart failure, atrial fibrillation, aortic aneurysm, bradycardia, thyroid problems, high cholesterol, and obesity" (Tr. 18) and non-severe impairments of "depressive disorder, bipolar disorder, anxiety disorder" (Tr. 19), the ALJ decided the Plaintiff has mild limitations in the four broad functionals areas known as the "paragraph B" criteria, which include the ability to understand, remember, or apply information, the ability to interact with others, the ability to concentrate, persist, or maintain pace, and the ability to adapt or manage oneself. (Tr. 19). The ALJ is "still required to consider [even mild mental limitations] when evaluating [the claimant]'s RFC." [Citation omitted.]

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

(Doc. No. 5 at 17.)

Plaintiff's argument is misplaced. The ALJ's Step Two "paragraph B" findings are distinct from the Step Four RFC findings. And the ALJ specifically pointed this out in his opinion when he said, "The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment." (Tr. 19.) So, contrary to Plaintiff's argument, the ALJ was not required to include mental limitations in his RFC determination based upon his "paragraph B" findings. As the United States Court of Appeals for the Eighth Circuit has said, "As a practical matter, however, the different steps serve distinct purposes, the degrees of precision required at each step differ, and our deferential standard of review precludes us from labeling findings as inconsistent if they can be harmonized. *See Lacroix v. Barnhart*, 465 F.3d 881, 888 n.3 (8th Cir. 2006) ('Each step in the disability determination entails a separate analysis and legal standard.')" *Chismarich v. Berryhill,* 888 F.3d 978, 980 (8th Cir. 2018).

Here, the critical question is whether Ms. Exum has the mental capability of performing her past work as a controller. Based on a close review of the record in this case, I find substantial evidence supports the ALJ's finding that Plaintiff could perform her past relevant work.

Plaintiff reports that she became unable to work after she suffered a heart attack. (Tr. 49-50.) The ALJ concluded:

> The echocardiogram shows an improved ejection fraction (Exhibit 8F/9, 11). The sleep study showed the claimant's obstructive sleep apnea was well controlled (Exhibit 8F/16). As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because they are not supported by the overall evidence. There is no evidence of any health care provider restricting the claimant from all work activity. None of the claimant's

4

> treating physicians have offered an opinion that the claimant was disabled or made any statement or recommendation that the claimant was unable to work at a substantial gainful activity level. For these reasons and for the other reasons discussed above, the undersigned finds that the claimant's complaints of disabling symptoms are not fully supported by the record.

(Tr. 22-23.)

After careful review of the objective medical evidence, I find the ALJ's decision to be supported by substantial evidence.  While Plaintiff has made concerning subjective complaints to her doctors, including dizziness and sensitivity to light, the treatment notes from her numerous doctor's visits fail to support her claims.  Her examinations were all normal.  (Tr. 398, 403, 408, 415, 420, 426, 429–430, 437-438, 553, 560, 564, 572, 667, 672, 683-684, 690–691, 697, 704, 710, 716–717, 722–723, 728–729, 734–734, 812, 820, 826, 833, 838, 850, 858, 865–866, 872–873, 879, 886, 892–893, 898–899, 904–905, 910–911, 916, 921–922, 926, 1001–1002, 1004–1005, 1028, 1036, 1044.)   And Marilyn Jordan, Ph.D. and Brad Willliams, Ph.D., both reviewed Plaintiff's medical records and found no mental limitations.  (Tr. 66, 75.)  Finding their opinions persuasive, the ALJ concluded:

> Both doctors opined the claimant's mental impairments are nonsevere. Their opinions are supported by the findings documented by their own notes which include the claimant's ability to interact appropriately, follow a treatment plan and perform activities of daily living. Their opinions are also consistent with the objective findings reported by other sources, which include the mental status exam indicting she was oriented to person, place and time with insight and judgement intact. Her affect and mood were normal and her recent memory was not impaired (Exhibit 2F/11).

(Tr. 23.)

I have also considered Plaintiff's argument regarding the dizziness and sensitivity to light she has experienced.  But I agree with the Commissioner that the objective evidence fails to support Plaintiff's claims that these issues substantially impact her ability to perform work related activities.  (Doc. No. 7 at 10-11.)

Plaintiff clearly suffers from some degree of limitation and has some serious health concerns. However, the objective medical records simply fail to support a claim of complete disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Counsel has done an admirable job advocating for Plaintiff's rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v.*

*Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 25th day of November 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE